FILED

2011 JUL 25 PM 2:57

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | |
|---|---|
| Bryan Hartung<br><br>Plaintiff,<br><br>v.<br><br>NCC Business Services, Inc.<br><br>Defendant. | Case No. 3:11-CV-735-J-34MCR<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff is a natural person who resided in Camden, NC at all times relevant to this action.

2. Defendant is a Florida corporation that maintained its principal place of business in Jacksonville, FL at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

1

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to OP Management, LLC, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around April 11, 2011, Plaintiff telephoned Defendant.

14. During this communication, Plaintiff notified Defendant that the $400 amount that Defendant listed on Plaintiff's credit report was inaccurate and that the amount should be $100.

15. During this communication, Defendant stated they would contact the creditor to verify the amount of the debt.

16. On or around April 12, 2011, Defendant telephoned Plaintiff in connection with the collection of the debt.

17. During this communication, Defendant falsely represented that Defendant contacted the creditor and confirmed that the $400 amount was correct.

18. During this communication, Defendant falsely represented that the creditor had lost Plaintiff's paperwork.

19. On or around April 12, 2011, Plaintiff telephoned the creditor in response to Defendant's misrepresentations.

20. During this communication, the creditor confirmed that the amount owed by Plaintiff was $100 and not $400 as claimed by Defendant.

21. During this communication, creditor stated that Plaintiff's file had never been lost or misplaced.

22. Defendant caused Plaintiff emotional distress.

23. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

24. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

25. In support hereof, Plaintiff incorporates paragraphs 16-21 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

26. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

27. In support hereof, Plaintiff incorporates paragraphs 17 as if specifically stated herein.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, LLP

By: /s/ Helene Karen Gatto
    Helene Karen Gatto
    Bar # 0190527
    2901 West Busch Blvd, Suite 701
    Tampa, FL 33618
    Telephone: 866-339-1156
    Email: kgatto@legalhelpers.com
    Attorneys for Plaintiff